IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RYAN COLLINS, )
)
                Plaintiff, )      No. 12cv1021 EJM
vs. )
)      ORDER
CAROLYN W. COLVIN, )
ACTING COMMISIONER OF )
SOCIAL SECURITY, )
)
                Defendant.

    Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of his application for social security disability benefits and supplemental security income. Briefing concluded January 3, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

    Claiming an onset date of January 1, 1993, plaintiff alleges disability due to multiple impairments including panic disorder, dysthymia, attention deficit hyperactivity disorder (ADHD), inattentive type, obsessive compulsive disorder (OCD), and personality disorder. He asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of his treating physician, and misconstrued the nature of his impairments leading to the ALJ's (1) failure to develop the record, (2) erring in substituting his opinion for that of a treating physician, and (3) erring in the assessment of residual functional capacity.

Accordingly, plaintiff asserts that the Acting Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include ADHD, OCD, panic disorder, and dysthymia, but further found he retained the residual functional capacity to engage in substantial gainful activity.

For the reasons set forth in the ALJ's decision at T. 23-28, including but not limited to observations as to plaintiff's activities of daily living, repeatedly canceled medical appointments (or failure to attend), failure to follow medication regimen, treatment records reflecting improvement when compliant with medication and treatment recommendations, symptoms of OCD not noted by Dr. Szeibel until 2006, plaintiff's Global Assessment of Functioning scores, treatment from medical providers, poor work history, and disincentive to work due to means of subsistence independent of work, the ALJ's decision appears to be supported by substantial evidence on the record as a whole at least through the date last insured.

More specifically addressing plaintiff's contention that the ALJ made an incorrect finding that treating psychiatrist Dr. Szeibel saw plaintiff only three times, the ALJ did not make such a finding. Rather, the ALJ noted that a Mental Residual Functional Capacity Questionnaire (T. 429-433) completed by Dr. Szeibel on August 5, 2010, was based upon three recent visits with Dr. Szeibel on April 1, May 6, and June 17, 2010. T. 26. The ALJ referred to and considered earlier visits with Dr. Szeibel, as well as related treatment notes dating back to 2001. T. 25-26. In responding to an inquiry as to the frequency and length of his contacts with plaintiff in support of the Mental Residual Functional Capacity Questionnaire, Dr. Szeibel expressly referred to the three contacts with plaintiff in 2010. T. 429. Accordingly, the ALJ permissibly found that the limitations noted in Dr. Szeibel's opinion were based upon the three visits in 2010. This finding is further supported by the ALJ's observation that more recent treatment records indicated an increase in plaintiff's symptoms, see T. 28, in contrast with Dr. Szeibel's observations in late 2008 and early 2009 that plaintiff's symptoms were stable or improved, moderate, and mild. T. 26 (ALJ discussion); T. 384-386 (Dr. Szeibel treatment notes). However, it is the court's further view that the ALJ did not afford adequate weight to Dr. Szeibel's opinion with regard to more recent deterioration in plaintiff's condition. While Dr. Szeibel's opinion as set forth in the August 5, 2010 questionnaire might not be consistent with plaintiff's condition even a few years before, it is not inconsistent with a worsening condition, reflected in

more recent treatment notes, see T. 422 (noting worsening condition), as well as the questionnaire. The ALJ erred in discounting the long term treating physician's more recent views based upon inconsistencies with earlier views and treatment notes, in light of the treating physician's observation as to plaintiff's apparent worsening condition.

Upon the foregoing, the Acting Commissioner's decision is, in part, not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration in accordance herewith. On remand, the Acting Commissioner may also consider the ALJ's apparent error in finding that Dr. Szeibel's treatment notes specifically indicated no panic attacks or thoughts of suicide. T. 27, 418, 419, 422.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

March 6, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT